UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCOS GALVEZ,

    Defendant.

Case No. 3:18-cr-028

CHIEF JUDGE EDMUND A. SARGUS, JR.

---

IN RE: SUBPOENA SERVED UPON
UNITED STATES PROBATION DEPARTMENT

## OPINION AND ORDER

On August 8, 2019, United States Probation Officer ("U.S.P.O.") Melissa Dues was served a subpoena to testify on August 21, 2019, in the Common Pleas Court of Montgomery County, Ohio, Juvenile Division. For the reasons set forth below, the Court **QUASHES** that subpoena.

I.

On October 10, 2018, Mr. Galvez was sentenced by the Honorable Walter H. Rice to time served and a 3-year term of probation. Mr. Galvez is supervised by U.S.P.O. Dues. A private attorney requested the subpoena of U.S.P.O. Dues so that she would be required to testify at a hearing in the case *In Re: Galvez Children*. Chief United States Probation Officer contacted the attorney and was advised that U.S.P.O. Dues' testimony was requested so that she could speak to Mr. Galvez's conviction. This Court contacted the attorney's office leaving a message that it would help obtain from the Clerk of this Court the Judgment which contains all of the

information about Mr. Galvez's conviction, but had concerns about requiring compliance with the subpoena. The Court asked for a return call, which it did not receive.

## II.

The Director of the Administrative Office of the United States Courts has promulgated regulations establishing procedures for the testimony of judicial personnel in legal proceedings. Those procedures, outlined in Volume 20, Chapter 8 of the *Guide to Judiciary Policy* (the "*Guide*"), have been adopted by this Court in its local criminal rules. *See* S.D. Ohio Crim. R. 32.3(b).

Federal judicial personnel may not provide testimony of the type that is the subject of the subpoena issued to U.S.P.O. Dues except as authorized in accordance with the regulations set forth in Volume 20, Chapter 8 of the *Guide*. *Guide to Judiciary Policy*, vol. 20, ch. 8, § 820(a); *see also In re Morning Song Bird Food Litig.*, 119 F. Supp. 3d 793, 799 (S.D. Ohio 2015) (restating the *Guide*'s general prohibition on testimony and record production in legal proceedings).[1] Under Volume 20, Chapter 8 of the *Guide*, "Judicial Personnel" are defined broadly such that they include probation officers. *Guide to Judiciary Policy*, vol. 20, ch. 8, § 810.30. The *Guide* defines testimony to include "personal appearances and statements in court or at a hearing or trial."

A request for testimony from judicial personnel "shall set forth, or shall be accompanied by an affidavit setting forth, a written statement by the party seeking the testimony . . . or by counsel for the party." *Guide to Judiciary Policy*, vol. 20, ch. 8, § 830(a). The statement or

---

[1] Among other exceptions, the provisions outlined in Volume 20, Chapter 8 of the *Guide* do not apply to "[r]equests by members of the public, when properly made through the procedures established by a court for that purpose, for records or documents, such as court files or dockets, routinely made available to members of the public for inspection or copying." *Guide to Judiciary Policy*, vol. 20, ch. 8, § 810.40(b)(7).

2

affidavit must contain an explanation of the nature of the testimony sought, the relevance of the testimony sought to the legal proceedings, and the reasons why the testimony are not readily available from other sources or by other means. *Id.* "This explanation shall contain sufficient information for the determining officer [as identified below] to determine whether or not federal judicial personnel should be allowed to testify." *Id.* If the request lacks a sufficient explanation, the determining officer may deny the request or ask that the requester provide additional information. *Id.*

Judicial personnel may not provide testimony in legal proceedings without the prior approval of a "determining officer." *Guide to Judiciary Policy*, vol. 20, ch. 8, § 840(a). As to requests directed to an employee of a court office such as the Probation Office, the determining officer is the unit head of the particular office. *Id.* § 840(b)(3). If a request is directed to a court office, the determining officer shall consult with the Chief District Judge regarding the proper response to the request. *Id.*; *see also* S.D. Ohio Crim. R. 32.3(c).

The determining officer may deny a request if the request does not meet any requirement imposed by Volume 20, Chapter 8 of the *Guide*. *Id.* Moreover, when determining whether to authorize the testimony of judicial personnel in legal proceedings, "the determining officer will consider, based on [several enumerated] factors, the effect in the particular case, as well as in future cases generally, which testifying or producing records will have on the ability of the federal judiciary or federal judicial personnel to perform their official duties." *Id.* If, after considering the factors and the other requirements set forth in Volume 20, Chapter 8 of the *Guide*, the determining officer decides that the judicial personnel should not comply with the request, the judicial personnel should notify the requester of the *Guide*'s procedures and respectfully decline to comply with the request. *Id.* § 850(b).

## III.

After reviewing the required portions of the *Guide* and consulting with the Chief United States Probation Officer, the Court concludes that U.S.P.O. Dues shall not comply with the state court subpoena. The Court unsuccessfully attempted to contact the attorney who requested the subpoena to discuss this matter.

The Court shall not permit U.S.P.O. Dues to testify pursuant to this subpoena because it was not issued in accordance with the requirements established in Volume 20, Chapter 8 of the *Guide*. The subpoena did not set forth, or contain an affidavit setting forth, an explanation of the nature of the testimony sought, the relevance of the testimony sought to the legal proceedings, and the reasons why the testimony sought, or the information contained therein, are not readily available from other sources or by other means. *Guide to Judiciary Policy*, vol. 20, ch. 8, § 830(a). The subpoena did not "contain sufficient information for the determining officer to determine whether or not [U.S.P.O. Dues] should be allowed to testify." *Id.*

Reinforcing the Court's decision is the policy underlying the Probation Office's collection and maintenance of information. Probation Office policy explains that

> [c]onfidentiality of pretrial services information is preserved primarily to promote a candid and truthful relationship between the defendant and the pretrial services officer. Disclosure of pretrial services information for purposes other than for the determination of pretrial release deters defendants from cooperating with pretrial services officers. The officers' ability to collect information is adversely affected by too closely identifying the officers with parties requesting the disclosure.
>
> The reasons for maintaining the confidentiality of pretrial, probation and supervised release supervision records are as compelling. In order to obtain complete and accurate information about the conduct and condition of defendants and offenders under supervision to ensure they are in compliance with the court's orders; in order to monitor their activities to determine if conditions of supervision or release should be modified, and; in order to better assist in providing correctional treatment in the rehabilitation process of offenders, probation and pretrial services

4

officers must be able to get information. Only with confidentiality will the offender and others be likely to openly share information of these kinds.

*Policy Statement Re: Probation and Pretrial Services Records and State Court Subpoenas of Probation and Pretrial Services Officers* 2 (2005).

In addition, there are no factors set forth in the *Guide* that weigh in favor of U.S.P.O. Dues providing the requested testimony.

## IV.

For the reasons stated above, the Court **QUASHES** the subpoena, and U.S.P.O. Dues shall not testify in the state custody matter described above.

**IT IS SO ORDERED.**

\_\_\_8-20-2019_____
DATE                                  EDMUND A. SARGUS, JR.
                                      CHIEF UNITED STATES DISTRICT JUDGE